# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 22-CV-00034-SRB |
| JAMES RIVER INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant James River Insurance Company's ("James River") Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. #7.) For the reasons stated below, the motion is GRANTED.

### I. BACKGROUND

This suit involves an insurance coverage dispute between Plaintiff The Cincinnati Insurance Company ("Cincinnati") and James River. This suit arises from the settlement of a lawsuit previously filed in the Circuit Court of Clay County, Missouri ("the underlying lawsuit"). Cincinnati and James River insure the co-defendants of the underlying lawsuit. Cincinnati asserts that James River has failed to perform its obligation to pay under the relevant agreements. Cincinnati states that the Court has diversity jurisdiction over its suit because Cincinnati and James River are citizens of different states, Ohio and Virginia, respectively, and because the amount in controversy exceeds $75,000. James River filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks jurisdiction over this suit. The parties' arguments are addressed below.

## II. LEGAL STANDARD

"The plaintiff bears 'the burden of proving the existence of subject matter jurisdiction[.]'" *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (quoting *Green Acres Enters. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005)). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citation omitted). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id*. (citation omitted). To "make a factual attack on the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Id*. (citation omitted). "[T]he court may receive evidence via 'any rational mode of inquiry,' and the parties may 'request an evidentiary hearing." *Bucker*, 919 F.3d at 1044 (citing *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990)).

28 U.S.C. § 1332(a)(1) confers the Court jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" "[D]iversity jurisdiction is not . . . available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A corporation is a citizen in "(1) the state of incorporation, and (2) the state where the corporation's principal place of business is located." *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827 (8th Cir. 2004) (citing 28 U.S.C. § 1332(c)(1)).

## III. DISCUSSION

James River argues that the Court lacks jurisdiction over Cincinnati's claims because Cincinnati and James River are both citizens of Ohio, defeating diversity jurisdiction. James River

2

argues that it is incorporated in Ohio and is, thus, a citizen of Ohio. Cincinnati argues that the complaint's allegations, specifically that James River is a citizen of Virginia, must be presumed to be true and cannot be challenged.

The Court finds that James River is a citizen of Ohio and that the Court lacks diversity jurisdiction. As James River makes a factual attack on subject matter jurisdiction, the Court may determine the factual dispute over James River's citizenship. *See Titus*, 4 F.3d 593 n.1 ("Because at issue . . . is the trial court's jurisdiction . . . no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.").

James River attaches a declaration of its Vice President of Claims, Justin Zaharris, who states that "James River is an Ohio domiciled excess and surplus lines insurance company" and that "James River is organized and existing under the laws of Ohio since 1987." (Doc. #7-1, p. 1); *see Titus*, 4 F.3d at 593 (To "make a factual attack on the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits . . . in order to determine the factual dispute."). Additionally, James River attaches a filing with the United States Securities and Exchange Commission stating that "James River Insurance Company is an Ohio domiciled excess and surplus lines insurances company[.]" (Doc. #7-2, p. 10.) Cincinnati does not dispute the veracity of or attach evidence contradicting James River's exhibits. Because James River has demonstrated that it is incorporated in Ohio, and is therefore an Ohio citizen, the Court lacks subject matter jurisdiction over this suit.[1]

---

[1] The Court finds, and the parties do not argue, that federal question jurisdiction does not exist here.

3

## IV. CONCLUSION

Accordingly, James River's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #7) is GRANTED. This case is hereby DISMISSED for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: June 22, 2022

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE